**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF SAINT CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 1:22-11**[1] |
| **ROY ALEXANDER MCELROY-CARLOS,** | : | **(JUDGE MANNION)** |
| | : | |
| **Defendant** | | |

## MEMORANDUM

Pending before the court is Roy Alexander McElroy-Carlos' motion to dismiss the superseding indictment, (Doc. 80), for a violation of his right to a speedy trial, pursuant to the Speedy Trial Act and the Sixth Amendment. (**Doc. 251**). For the reasons stated herein, the motion will be **GRANTED**, and the indictment will be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On February 14, 2023, a superseding indictment was issued, charging defendant Roy Alexander McElroy-Carlos ("the defendant") and his co-defendants Jorge Adalberto Gutierrez Picado and Michael Antony Nelson, both of whom have since pleaded guilty, with conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to

[1] This case was reassigned to the undersigned on February 20, 2026. (Doc. 245).

the jurisdiction of the United States, in violation of 46 U.S.C. §§70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a) and (b), and 21 U.S.C. §960(b)(3), as well as possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting, in violation of the same. (Doc. 80). The charges stem from alleged international drug trafficking of large amounts of cocaine by sea. *Id.*

On July 6, 2026, the defendant filed the present motion to dismiss the superseding indictment for violation of his right to a speedy trial. (Doc. 251). On July 28, 2026, the Government filed its brief in opposition to the motion. (Doc. 261). Finally, on August 4, 2026, the defendant filed a reply brief to the Government's brief in opposition. (Doc. 265). The motion is now ripe for disposition.

## II. DISCUSSION

### A. Speedy Trial Act

The Speedy Trial Act, codified at 18 U.S.C. §§3161-3174, provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

> before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. §3161(c)(1). However, certain days are excluded when calculating the speedy trial clock, including delays:

> [1] resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion . . . [2] reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court . . . [and] [3] resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(1)(D), (h)(1)(H), (h)(7)(A).

Here, the defendant was arraigned on February 28, 2023, meaning that the speedy trial clock began running the next day. (Doc. 97); *United States v. Lattany*, 982 F.2d 866, 871 (3d Cir. 1992) (excluding the day of arraignment from calculation). However, a motion to dismiss, (Doc. 72), filed before the superseding indictment was still under advisement by the court. Thus, since arraignment, the following dates were excludable:

- March 1, 2023, through July 10, 2023, when the motion to dismiss was ruled on, (Doc. 108);

- July 14, 2023, when the court held a calendar call, (Doc. 110);
- July 20, 2023, through December 16, 2024, which was excluded via the court's July 28, 2023, ends-of-justice continuance order, (Doc. 13);
- March 31, 2025, when CJA counsel was requested by the defendant, (Doc. 240), through June 12, 2025, when the court appointed counsel following a hearing, (Docs. 242-243);
- April 17, 2026, when the court held a calendar call, (Doc. 248); and
- July 6, 2026, when the defendant filed the instant motion, (Doc. 251), through present.

Excluding these dates, approximately 499 days have tolled, far exceeding the 70-day limit, which was surpassed on or about February 17, 2025.[2]

---

[2] The court notes that its calculation is perhaps a conservative one. Both parties use the date of the June 17, 2022, information that was superseded in their calculation of tolling, given that the superseding indictment changed only one word. However, the court uses the later date in light of the statutory text, given that the defendant was re-arraigned. Furthermore, there is a question of whether all time from the filing of a motion through its disposition is excludable, or whether only the time from filing through thirty days after culmination of briefing is excludable. *Compare* 18 U.S.C. §3161(h)(1)(D) *with* §3161(h)(1)(H). The court uses the plain

*(footnote continued on next page)*

The Government, however, argues that a mere 34 non-excludable days have tolled, citing the court's July 19, 2022, "ends-of-justice" continuance order. (Doc. 54). However, the order itself does not support the theory that it was such an order. Indeed, the order provided that a new trial date would be set at an August 8, 2022, calendar call, while plea negotiations were ongoing. *Id.* That calendar call was continued until September 15, 2022, however, the minute entry proceedings do not provide information as to what was discussed. (Doc. 57).

Even assuming that the order was an ends-of-justice continuance, to determine whether such an order remains valid, the court must assess whether the continuance remains reasonable. *Lattany*, 982 F.2d at 882 ("we must decide whether the delays that resulted from the district court's open-ended continuance and its subsequent extension are reasonable under the particular circumstances of this case"). Here, the continuance must be considered no longer reasonable, and therefore no longer valid. The parties were put on notice that the order was no longer in effect when the court scheduled two calendar calls for December 16, 2024, and January 14, 2025,

---

language of §3161(h)(1)(D) in its calculation. Finally, the court's exclusion of July 20, 2023, through December 16, 2024, is an inexact conclusion drawn from observing the docket, as discussed below.

wherein counsel was ordered to notify the court of how many days remained pending on the clock, indicating that the court no longer considered it valid. (Docs. 231, 233). The same is true with respect to the July 28, 2023, ends-of-justice continuance order, which the Government claims remains in effect. (Doc. 123). Moreover, the Government should have known that neither order remained in effect at some point over the years since their issuance.

Next, the court must consider whether the dismissal should be with or without prejudice. In doing so, the court is required to consider three factors: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(2); *see also United States v. Taylor*, 487 U.S. 326, 333-36 (1988) (analyzing the factors).

With respect to the first factor, the charged offenses—conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States and possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting—are indisputably serious. The charged conduct involves international drug trafficking and carries a potentially lengthy prison sentence if convicted.

Turning to the second factor, the facts and circumstances weigh in favor of dismissal without prejudice. "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) (internal citations omitted). Here, there is no evidence of bad faith, intentional delay, or a pattern of neglect on the part of the Government. Indeed, as the Government notes in its brief, it "has answered every motion filed in a timely fashion, without delay . . . [and] provided discovery to newly appointed counsel." (Doc. 261 at 14). Furthermore, the Government points out that "the docket has become so cluttered with ancillary filings that even the most discerning eyes could become disoriented." *Id.* The court agrees. Rather than because of misconduct, this case seems to have carried on without end-in-sight due to the faulty oversight of both the Government and the court, as well as multiple changes of defense counsel, a change of Government counsel, and even reassignment to the undersigned judge. Given these circumstances, the second factor weighs in favor of dismissal without prejudice.

Finally, in assessing the third factor, the court must determine "whether the defendant suffered actual prejudice as a result of the delay and whether

the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Stevenson*, 832 F.3d at 422 (internal citations omitted). As noted in the court's analysis of the second factor, there is no evidence that the Government engaged in prosecutorial misconduct. As for whether the defendant suffered actual prejudice, he argues that he has because "he has been held in continuous pretrial detention for over four years . . . suffering the anxiety, loss of liberty, and impairment of defense preparation inherent in prolonged pretrial confinement." (Doc. 251 at 16). However, these assertions of prejudice are unspecific, relying on general claims that may or may not be true. Thus, the court finds no basis to conclude that the defendant suffered *actual* prejudice, i.e., identifiable prejudice, as required by the law.

Thus, upon weighing the relevant factors, dismissal without prejudice is the appropriate remedy.

**B. Sixth Amendment**

While the delay constitutes a violation of the Speedy Trial Act, it does not constitute a violation of the Speedy Trial Clause of the Sixth Amendment. To determine whether a Sixth Amendment violation occurred, courts balance: (1) "[l]ength of the delay," (2) "the reason for the delay," (3) "the

defendant's assertion of his right," and (4) "prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Here, the first and third factors weigh in favor of the defendant. This case has been pending for almost four-and-a-half years. Moreover, while a defendant retains some responsibility to assert his right to a speedy trial, the burden does not rest solely upon him, as the Government has a duty to try the case. *United States v. Velazquez*, 749 F.3d 161, 182 (3d Cir. 2014) ("a defendant's limited responsibility to assert his speedy trial right exists alongside the government's overarching burden to prove waiver of that fundamental right"); *Barker v. Wingo*, 407 U.S. 514 (1972) ("the rule we announce today, which comports with constitutional principles, places the primary burden on the courts and the prosecutors to assure that cases are brought to trial"). Furthermore, in analyzing whether a defendant asserted their right, the court should consider the particular circumstances. For example, a defendant who benefits from the Government failing to timely prosecute, effectively acquiescing to the delay, only to assert their right via a motion to dismiss at a later stage differs substantially from a defendant who brings their motion to dismiss soon after the speedy trial clock expires. *See Barker*, 407 U.S. at 529 (clarifying that its allowing courts to exercise judicial discretion based on the circumstances when assessing this factor

"would permit, for example, a court to attach a different weight to a situation in which the defendant knowingly fails to object from a situation in which his attorney acquiesces in long delay without adequately informing his client, or from a situation in which no counsel is appointed. It would also allow a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection"); *see also Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377, 383 ("Our case law provides guidance as to the degree of persistence that satisfies this standard. At one extreme, in *Government of the Virgin Islands v. Pemberton*, 813 F.32d 626 (3d Cir. 1987), the defendant—represented by counsel—made no objections at all during a sixteen-month delay; hence, this third factor weighed heavily in favor of the government . . . At the other end of the spectrum, in *Hakeem* [*v. Beyer*, 990 F.2d 750 (3d Cir. 1993)], the petitioner successfully invoked the right: he asserted it in a *pro se* letter to the state court, and then again in a petition filed in the federal court one month before his trial began").

Here, the defendant did not acquiesce to the delay. Indeed, the defendant filed his first motion to dismiss on December 4, 2023. (Doc. 178). He did not quietly enjoy a delay in his prosecution only to conveniently assert his right once the Government took steps to prosecute. Therefore, his actions satisfied the third factor.

However, the second and fourth factors weigh in favor of the Government. As discussed above, the circumstances that led to the delay do not involve bad faith or misconduct on the part of the Government, nor did the defendant suffer actual, identifiable prejudice. The delay in trying this case does not result from misconduct, but from, as the court stated above, a disorienting docket, oversight by the Government and the court, numerous changes to defense counsel, a change in Government counsel, and even reassignment to the undersigned.

Thus, upon balancing the factors, the court finds that the lack of prejudice to the defendant and of bad faith on the part of the Government outweigh the defendant's assertion of his right coupled with the lengthy delay. Simply put, the court finds that the defendant did not suffer a Sixth Amendment violation.

## III. CONCLUSION

For the aforementioned reasons, the defendant's motion to dismiss the superseding indictment for a violation of his right to a speedy trial will be **GRANTED**, and the indictment will be **DISMISSED WITHOUT PREJUDICE**. Pursuant to 18 U.S.C. §3288, given that the indictment will be dismissed and the statute of limitations has expired, "a new indictment may be returned in

the appropriate jurisdiction within six calendar months of the date of the dismissal of the . . . information." An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/28/26
22-11-01